JULIAN R. SKITROMO *v.* MERIDEN YELLOW CAB
COMPANY, INC., ET AL.
(12946)

PETERS, C. J., HEALEY, CALLAHAN, SPALLONE and SPEAR, Js.

Argued May 5—decision released July 28, 1987

*P. Bryden Manning,* for the appellants (defendants).
*Kenneth G. Bartlett,* for the appellee (plaintiff).

SPALLONE, J. The sole issue in this appeal is whether
an employer who is obligated to pay workers' compen-

sation benefits to an injured employee may credit against its future compensation liability the amount recovered by that employee in a third party action despite the employer's failure to intervene in the third party proceedings in the manner prescribed by General Statutes § 31-293.[1] We hold that the employer's failure to intervene in the third party action deprived it of any interest in the employee's third party recovery, and that the employer, therefore, is not entitled to credit that recovery against its future workers' compensation liability. Since the compensation review division reached the same conclusion, we find no error.

The facts in this case are not in dispute. The plaintiff, Julian R. Skitromo, was employed as a cab driver by the named defendant, Meriden Yellow Cab Company, Inc. On August 13, 1979, while driving a cab in the course of his employment, the plaintiff was struck from the rear by another vehicle. The plaintiff was severely injured and subsequently made a workers' compensation claim against his employer. The plaintiff was awarded benefits and received a total of

---

[1] General Statutes § 31-293 (a) provides in part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate."

$41,331, including $14,208 in medical payments, between August 13, 1979, and October, 1982. These benefits were paid by the codefendant Travelers Insurance Company, the employer's insurer.

By writ, summons and complaint returnable May 6, 1980, the plaintiff commenced a common law negligence action against the third party tortfeasor. On October 31, 1980, a certified letter was sent to the named defendant notifying it of the pending court proceedings. The letter was received on November 1, 1980. On January 14, 1981, the named defendant filed a motion to intervene in the suit. The motion was denied by the trial court because it had been filed beyond the thirty day period provided in General Statutes § 31-293. In October, 1982, the plaintiff settled his third party action for $90,000 from which he, after paying certain fees and expenses, netted $56,610.80.

After the plaintiff settled his third party action, the defendants terminated the plaintiff's workers' compensation benefits, claiming that they had a right to offset their inchoate future liability to the plaintiff against his net recovery in the third party settlement. The plaintiff thereafter initiated workers' compensation proceedings to compel the defendants to restore the benefits.

By finding and award dated May 18, 1984, the workers' compensation commissioner found that the defendants were obligated to pay to the plaintiff all benefits due him pursuant to the provisions of the Workers' Compensation Act, without any deductions or credits for the plaintiff's third party settlement. The defendants appealed the commissioner's decision to the compensation review division, which affirmed the commissioner. The defendants then filed this appeal.

The defendants concede that because they failed to intervene in a timely fashion in the third party action,

they have no right to reimbursement of the $41,331 already paid to the plaintiff in benefits. They contend, however, that they may credit the net amount received by the plaintiff in the third party settlement against their future workers' compensation liability. The defendants rely on a series of cases discussing the right of an employer to set off amounts received by an employee in third party actions against the employer's workers' compensation liability. See *Stavola* v. *Palmer,* 136 Conn. 670, 680, 73 A.2d 831 (1950); *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 678, 47 A.2d 187 (1946); *United States Fidelity & Guaranty Co.* v. *New York, N.H. & H. R. Co.,* 101 Conn. 200, 203, 125 A. 875 (1924); *Rosenbaum* v. *Hartford News Co.,* 92 Conn. 398, 400–403, 103 A. 120 (1918).

These cases, however, establish only that an employer has a general right to be reimbursed from a third party tortfeasor for benefits paid to an employee for injuries caused by the third party. This right is established by General Statutes § 31-293, which allows both employers and employees to bring an action against a third party who is allegedly responsible for the employee's injury. By allowing either an employer or an employee to bring an action, the law seeks to vindicate both the employee's interest in receiving the full scope of tort damages that remain uncompensated by a workers' compensation award and the employer's interest in being reimbursed for payments made because of the third party's malfeasance. See *DeSantis* v. *Gaudioso,* 39 Conn. Sup. 222, 223, 476 A.2d 149 (1983); 2A A. Larson, Workmen's Compensation Law § 71.20.

The issue in the present case, however, is not whether an employer generally has the right to be reimbursed from a third party tortfeasor for workers' compensation benefits paid to an injured employee. As § 31-293 and the cases cited by the plaintiff establish, our workers' compensation law clearly provides an employer

with the means to enforce his right to reimbursement from a third party tortfeasor. Instead, the issue is whether an employer forfeits his right to reimbursement when he fails to act to enforce those rights in the manner prescribed by statute.

In the present case, although the plaintiff notified the defendant employer by certified mail that he had initiated a third party action, the employer did not move to intervene until approximately two and one-half months later. General Statutes § 31-293 (a) provides that if an employer or employee who is properly notified of a third party action fails to intervene in the action as a party plaintiff within thirty days from notification, "his right of action against such third person shall abate." Because the defendants in this case failed to file a timely motion to intervene in the third party action, they lost any right they may have had in the plaintiff's third party recovery. General Statutes § 31-293; *Ricard* v. *Stanadyne, Inc.,* 181 Conn. 321, 323, 435 A.2d 352 (1980); *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 325, 130 A.2d 801 (1957).

The defendants attempt to circumvent the requirements of General Statutes § 31-293 by characterizing their claim not as a right to reimbursement from the third party tortfeasor, but as a right to reduce their future payments owed to the injured employee. The defendants, however, have no such right against an employee either by statute or common law. *Norwalk* v. *Van Dyke,* 33 Conn. Sup. 661, 666, 366 A.2d 554, cert. denied, 172 Conn. 681, 364 A.2d 864 (1976). Their sole means to assert any right against the plaintiff's third party recovery was by way of the procedure set forth in § 31-293. By failing to comply with the statutory procedure, any right of the defendants to the plain-

tiff's third party recovery, including the alleged right to credit that recovery against its future liability, was extinguished.

The defendants argue that such a result would contravene the legislative intent against permitting double recovery for the same injury. Any unfairness, however, is due to the defendants' own failure to comply with the statutory timetable. "Although one purpose of § 31-293 is to avoid double recovery, it does not protect those who are less than vigilant in safeguarding their own legal rights. The imperfection is not in the statute which provides a simple means of effectuating the rights created, but in those who fail to avail themselves of its benefits for no justifiable reason." *Norwalk* v. *Van Dyke,* supra, 667.

There is no error.

In this opinion the other justices concurred.