WILLIAM LOVE *v.* J. P. STEVENS AND COMPANY, INC., ET AL.
(7588)

SPALLONE, DALY and O'CONNELL, Js.

Argued October 12, 1989—decision released March 6, 1990

*John M. Creane,* with whom, on the brief, was *Jamie L. Mills,* for the appellant (plaintiff).

*Kevin J. Maher,* with whom, on the brief, was *Colette Mauborgne,* for the appellees (defendants).

O'CONNELL, J. This is an appeal from a decision of the workers' compensation review division holding that the defendants, an employer and its insurance company, are entitled to a credit equal to the plaintiff's recovery from a third party tortfeasor for injuries resulting from an industrial accident.

The facts are not in dispute. On March 22, 1979, the plaintiff suffered a severe and disabling injury to his right, master hand. He immediately underwent emergency surgery and reconstructive surgery some months later. The plaintiff filed a timely claim for workers' compensation. The commissioner found that he had suffered 100 percent disability of his right hand and awarded him compensation payments totalling $48,011.92. Thereafter, a specialist in reconstructive hand surgery evaluated the plaintiff's condition and recommended that further surgery, estimated to cost a maximum of $40,000, be performed in an attempt to

give the plaintiff increased use of his injured hand. A hearing was held on the question of whether the defendants should pay for this surgery, and in a finding and award, dated October 14, 1981, the workers' compensation commissioner found that additional surgery was reasonable and necessary and ordered that the defendants provide such treatment. To date, the surgery has not been performed.

While the workers' compensation proceedings were pending before the commissioner, the plaintiff filed a third party action against the manufacturer of the machine that he was operating at the time of his injury. The defendants intervened as parties plaintiff pursuant to General Statutes § 31-293 (a).[1] The case was settled

[1] General Statutes § 31-293 (a) provides: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in such action, the employer may join as a party plaintiff in such action. The bringing of any such action against an employer shall not constitute notice to such employer within the meaning of this section. If such employer and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recov-

on January 8, 1982, for $250,000 under the terms of a court approved stipulated judgment. After costs and fees were subtracted, the defendants received $48,011.92 as reimbursement for payments made under the workers' compensation statutes. The balance of $118,654.75 was awarded to the plaintiff. At no time prior to the entry of the stipulated judgment did the defendants seek, from the third party, reimbursement of future expenses. Instead, when the stipulated judgment was rendered, the defendants stated only that they reserved their rights to reimbursement for future benefits under § 31-293 (a).

Thereafter, the defendants filed a motion for credit with the workers' compensation commissioner claiming that the plaintiff's recovery should be applied toward his future medical expenses. They argued that they should not be obligated to make further compensation payments until such time as the plaintiff incurred

ery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery. The rendition of a judgment in favor of the employee or the employer against such party shall not terminate the employer's obligation to make further compensation, including medical expenses, which the compensation commissioner thereafter deems payable to such injured employee. If the damages, after deducting the employee's expenses as provided above, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section the employer's claim shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of such injury. The word 'compensation', as used in this section, shall be construed to include not only incapacity payments to an injured employee and payments to the dependents of a deceased employee, but also sums paid out for surgical, medical and hospital services to an injured employee, the one-thousand-dollar burial fee provided by law and payments made under the provisions of sections 31-312 and 31-313."

expenses exceeding his third party recovery. The plaintiff opposed the motion on the ground that the commissioner had no authority to grant such a credit. The commissioner granted the motion and ordered the plaintiff to pay the defendants $1990.24 as reimbursement for compensation payments made after the settlement of the third party claim. The commissioner then granted the defendants a credit of $116,664.51, an amount equal to the plaintiff's net recovery. The compensation review division affirmed the award on November 10, 1988, and this appeal followed.

The plaintiff's claims of error are all subsumed under the single issue of whether a workers' compensation commissioner has the authority to award a credit in the amount of a worker's net recovery from a third party tortfeasor, thereby relieving the employer of its obligations under the workers' compensation statutes until such a time as the worker's expenses related to the injury exceed that credit. We conclude that the commissioner has no such authority. Accordingly, we find error.

In reaching this conclusion, we are guided by General Statutes § 31-293 (a), which preserves the right of an injured worker and an employer to recover damages from one responsible for an injury compensable under the workers' compensation statutes. Section 31-293 (a) provides that where an employer joins an employee in an action against a third party, the employer's claim "shall take precedence over that of the injured employee." Thus, the "statute gives to an employer the substantive right to reimbursement of the workmen's compensation which he has become obligated to pay." *Stavola* v. *Palmer,* 136 Conn. 670, 677, 73 A.2d 831 (1950). The statute defines the employer's claim as "(1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any

probable future payments which he has by award become obligated to pay on account of such injury.'' General Statutes § 31-293 (a). It is only when the amount received from the third party exceeds the employer's claim that the employee receives anything. Id.

Section 31-293 is the exclusive route for an employer to assert a claim over any portion of an employee's recovery from a third party. In *Skitromo* v. *Meriden Yellow Cab Co.,* 204 Conn. 485, 489, 528 A.2d 826 (1987); our Supreme Court held that an employer must strictly comply with the procedures of § 31-293 (a). In that case, the employer failed to follow the statutory mandate and, as a result, ''any right of the [employer] to the [employee's] third party recovery, including the alleged right to credit that recovery against future liability, was extinguished.'' Id., 489–90. We must likewise determine whether the defendants here have waived their rights to any further portion of the plaintiff's third party recovery.

An examination of the workers' compensation statutes of other jurisdictions discloses that some provide for the type of credit that the defendants now seek. See, e.g., Kan. Stat. Ann. § 44-504 (b); N.Y. Workmen's Compensation Law § 29 (3) (McKinney 1965).[2]

[2] Kansas Statutes Annotated § 44-504 (b) provides in pertinent part: ''In the event of recovery from such other person by the injured worker or the dependents or personal representatives of a deceased worker by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer to the date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Whenever any judgment in any such action, settlement or recovery otherwise is recovered by the injured worker or the worker's dependents or personal representative prior to the completion of compensation or medical aid payments, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of compensation and medical aid paid to the date of recovery of such judgment,

Statutes of other states deal with the future expenses in the same manner as Connecticut's statute. See Or. Rev. Stat. § 656.593.[3] The Oregon statute is quite like

settlement or recovery otherwise shall be credited against future payments of the compensation or medical aid.''

The New York workers' compensation law provides: ''In the event of a modification of an award increasing the compensation previously awarded or in the event that the total amount of periodical payments made pursuant to an award under which the number of such payments could not be determined at the time of the award, shall exceed the total thereof as estimated by the board, the principal of any of such excess recovery theretofore paid to such injured employee or his dependents shall be credited against such increase or such excess. In the event of a modification of an award ending or diminishing the compensation previously awarded or in the event that the total amount of periodical payments made pursuant to an award under which the number of such payments could not be determined at the time of the award, shall be less than the total thereof as estimated by the board, such fund, person, association, corporation or carrier shall forthwith pay to such injured employee or his dependents, as the case may be, any additional amount of such excess recovery to which such injured employee or his dependents may be entitled by reason of such modification or such deficiency, determined as hereinbefore provided.''

N.Y. Workmen's Compensation Law § 29 (3) (McKinney 1965).

[3] Oregon Revised Statutes § 656.593 provides in pertinent part: ''(1) If the worker or the beneficiaries of the worker elect to recover damages from the employer or third person, notice of such election shall be given the paying agency by personal service or by registered or certified mail. The paying agency likewise shall be given notice of the name of the court in which such action is brought, and a return showing service of such notice on the paying agency shall be filed with the clerk of the court but shall not be a part of the record except to give notice to the defendant of the lien of the paying agency, as provided in this section. The proceeds of any damages recovered from an employer or third person by the worker or beneficiaries shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section and the total proceeds shall be distributed as follows:

''(a) Costs and attorney fees incurred shall be paid, such attorney fees in no event to exceed the advisory schedule of fees established by the board for such actions.

''(b) The worker or the beneficiaries of the worker shall receive at least 33-1/3 percent of the balance of such recovery.

''(c) The paying agency shall be paid and retain the balance of the recovery, but only to the extent that it is compensated for its expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of its reasonably to be expected future expenditures

our own, and the Oregon Court of Appeals addressed the same question we now face in its decision in *State Accident Ins. Fund Corporation* v. *Parker,* 61 Or. App. 47, 656 P.2d 335 (1982). In *Parker,* a worker, who had been injured in an industrial accident, successfully recovered against a third party tortfeasor. When allocating the recovery between itself and the worker, the compensation insurer properly deducted attorney's fees and costs incurred in pursuing the claim as well as an amount equal to the workers' compensation payments made up to that date. The insurer did not exercise its right to retain any funds to cover future medical expenses. Id., 49–50.

The *Parker* court held that the insurance company's failure to retain any of the proceeds to cover future expenses amounted to a waiver of any further claims on the recovery. Id., 55. The goal of the statute, the court said, was to afford both the employer and the employee some benefit from a third party recovery and not to enable the employer or its insurance company to escape their continuing obligations under the workers' compensation law. Id., 53. Allowing a credit to the insurer would be inconsistent with the worker's right to a final determination as to his share of the recovery.

This reasoning is persuasive. Connecticut's statute, as does Oregon's, imposes a continuing obligation on

for compensation and other costs of the worker's claim under ORS 656.001 to 656.794. Such other costs include assessments for reserves in the Insurance and Finance fund, but do not include any compensation which may become payable under ORS 656.273 or 656.278.

"(d) The balance of the recovery shall be paid to the worker or the beneficiaries of the worker forthwith. Any conflict as to the amount of the balance which may be retained by the paying agency shall be resolved by the board.

"(2) The amount retained by the worker or the beneficiaries of the worker shall be in addition to the compensation or other benefits to which such worker or beneficiaries are entitled under ORS 656.001 to 656.794."

the employer to make payments as ordered by the compensation commissioner, even after recovery from a third party. Also, both statutes have been interpreted as providing the sole means available to an employer or insurer to secure a share of an employee's third party recovery. See *Skitromo* v. *Meriden Yellow Cab Co.,* supra; *State Accident Ins. Fund Corporation* v. *Parker,* supra.

In support of its decision that the defendants are entitled to a credit, the compensation review division relied in part on 2A A. Larson, Workmen's Compensation Law (1988) § 74.31 (e). Professor Larson recognizes that credit for future expenses may be a problem and that certain statutes, such as that of New York, contain provisions allowing for credits for future expenses. The review division based its decision on Larson's additional point that where a statute is silent as to future expenses, a credit should nonetheless be granted. We disagree with the review division's reasoning because it violates the basic principle that a statute should be construed so that no word or clause is rendered meaningless. *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.,* 20 Conn. App. 420, 424, 567 A.2d 1250 (1989).

If we were to approve the review division's approach, we would contradict both the plain language of the statute and the status of § 31-293 as the sole means of employer recovery. Our legislature has chosen not to provide for a credit, but has instead set out an alternative mechanism for employer recovery of future expenditures. Section 31-293 (a) directs that the employer deduct from the third party recovery an amount equal to payments already made *plus* "an amount equal to the present worth of any probable future payments which he has by award become obligated to pay . . . ."

We also note that § 31-278, which sets out the powers of the workers' compensation commissioners, does not confer the authority to award a credit. The compensation review division, despite the absence of statutory or case law authority, found support for its action in one of its own decisions. *Conrad* v. *Haggerty Pool Service,* 3 Conn. Workers' Comp. Rev. Op. 96 (1986). The defendants urge that that decision, together with other cases from the review division, supports the commissioner's authority to award the credit. It is fundamental administrative law that courts will accord great deference to the construction given a statute by the agency charged with its enforcement. *U.S. Vision, Inc.* v. *Board of Examiners for Opticians,* 15 Conn. App. 205, 216–17, 545 A.2d 565 (1988). This principle, however, is limited to cases where the statute is ambiguous. *Breen* v. *Department of Liquor Control,* 2 Conn. App. 628, 634, 481 A.2d 755 (1984). Such is not the case here, and the review division may not ignore the plain language of the statute.

We note that the same passage of § 31-293 (a) contains the relevant references to both the defendants' recovery for past expenditures and for the present value of probable future payments. This clearly indicates that if an employer wishes to recover for future expenditures, it must assert a claim before the action against the third party terminates. Failure to do so will result in the claim being waived. *Skitromo* v. *Meriden Yellow Cab Co.,* supra, 489–90. An administrative agency cannot increase its statutory authority by the simple act of relying on its own prior, arguably incorrect, decisions concerning that authority.

The defendants' argument also fails to recognize that the third party recovery is, in part, payment for damages compensable under the Workers' Compensation Act and, in part, compensation for pain and suffering. Injured employees therefore bring suit against third

party tortfeasors in order to recover more than that to which they are entitled under workers' compensation law.

The stipulated judgment did not specify what portion of the award represented reimbursement for payments made by the defendants under the workers' compensation law and what portion represented compensation to the plaintiff for pain and suffering. The review division's decision effectively erased this distinction and treated the entire award as if it represented past and future obligations of the defendants under the act. We cannot accept this interpretation. An equally strong argument can be made that the plaintiff's share of the recovery was intended to represent compensation for pain and suffering. This interpretation is consistent with the firmly established principle that workers' compensation issues are to be liberally construed in favor of the employee. *English* v. *Manchester,* 175 Conn. 392, 397–98, 399 A.2d 1266 (1978).

Moreover, the defendants have no right, either by statute or by common law, to reduce future payments owed to the plaintiff. *Skitromo* v. *Meriden Yellow Cab Co.,* supra, 489; *Norwalk* v. *Van Dyke,* 33 Conn. Sup. 661, 666, 366 A.2d 554, cert. denied, 172 Conn. 681, 364 A.2d 864 (1976). In fact, the statute expressly states that recovery from a third party does not terminate an employer's obligations to make payments ordered by the commissioner. General Statutes § 31-293 (a). Because, at the time of the stipulated judgment, the defendants failed to preserve their claim for anything beyond the maximum estimated $40,000 cost of the future surgery, the defendants forever lost their opportunity for additional recovery. Accordingly, we conclude that the defendants are entitled to a credit of $40,000 toward future medical expenses. The

$78,674 balance of the third party recovery is not subject to any credit in favor of the defendants.

There is error, the decision is set aside and the case is remanded to the workers' compensation review division for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.