GEORGE ENQUIST *v.* GENERAL DATACOM ET AL.
(8222)

DUPONT, C. J., FOTI and LAVERY, Js.

Submitted on briefs January 11—decision released April 17, 1990

*T. Stevens Bliss* filed a brief for the appellant (plaintiff).

*Jason M. Dodge* filed a brief for the appellee (named defendant).

LAVERY, J. The plaintiff appeals from a decision of the workers' compensation review division holding that the defendants, an employer and its insurance company, are entitled to a credit equal to the plaintiff's net recovery from a third party tortfeasor for injuries resulting from an industrial accident.

The facts are not in dispute. On February 27, 1979, the plaintiff, during the course of his employment, crushed the thumb of his left, nonmaster hand while working on a machine. The plaintiff received compensation benefits pursuant to the workers' compensation statutes. General Statutes § 31-291 et seq. On June 11, 1980, the plaintiff initiated a third party action against Burndy Corporation, the manufacturer of the machine he was operating at the time of his injury.

On July 7, 1980, the defendants, pursuant to General Statutes § 31-293 (a),[1] timely intervened in the plaintiff's third party action. On October 23, 1981, the

---

[1] General Statutes § 31-293 (a) provides: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become

plaintiff, the defendant employer, and the defendant insurance carrier entered into a voluntary agreement awarding the plaintiff 20.3 weeks of compensation as a specific injury award resulting from a 25 percent loss of use of the nonmaster thumb. At the time of the agreement, there was no mention of any probable future payments on account of the injury.

obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in such action, the employer may join as a party plaintiff in such action. The bringing of any such action against an employer shall not constitute notice to such employer within the meaning of this section. If such employer and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery. The rendition of a judgment in favor of the employee or the employer against such party shall not terminate the employer's obligation to make further compensation, including medical expenses, which the compensation commissioner thereafter deems payable to such injured employee. If the damages, after deducting the employee's expenses as provided above, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section the employer's claim shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of such injury. The word 'compensation', as used in this section, shall be construed to include not only incapacity payments to an injured employee and payments to the dependents of a deceased employee, but also sums paid out for surgical, medical and hospital services to an injured employee, the one-thousand-dollar burial fee provided by law and payments under the provisions of sections 31-312 and 31-313."

In September, 1984, the third party action was settled in court for the sum of $30,000, of which $2500 was paid to satisfy the defendants' lien for workers' compensation benefits paid to that point. The defendants made no claim for any probable future payments on account of the injury. The plaintiff received a net recovery of $16,556.50.

After the settlement, the plaintiff filed for additional compensation from the defendants based on an increase in the percentage of disability to his thumb. The commissioner denied any further award, finding that the employer had a continuing, offsetting lien from the settlement of the third party action. At no time before or at the termination of the third party action did the commissioner establish an amount equal to the present worth of any probable future payments that the employer would become obligated to pay. The plaintiff appealed to the compensation review division, which affirmed the decision of the commissioner, relying on its decision in *Love* v. *J. P. Stevens & Co.,* 378 CRD-7-85 (November 10, 1988). In this court's decision on the appeal from the compensation review division in *Love* v. *J. P. Stevens & Co.,* 21 Conn. App. 9, 570 A.2d 1136 (1990), we recently found error. On the basis of that decision, we find error here.

In *Love,* as in this case, the sole issue was whether a workers' compensation commissioner has the authority to award a credit in the amount of a worker's net recovery from a third party tortfeasor, thereby relieving the employer of its obligations under the workers' compensation statutes until such a time as the worker's expenses relating to the injury exceed that credit. In *Love,* this court decided that the commissioner does not have that authority. Id., 13.

General Statutes § 31-293 (a) provides that where an employer joins an employee in an action to recover dam-

ages from a third party responsible for an injury compensable under the workers' compensation statute, the employer's claim "shall take precedence over that of the injured employee." The statute defines the employer's claim as "(1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of such injury." General Statutes § 31-293 (a). It is only when the amount received from the third party exceeds the employer's claims that the employee receives anything. *Love* v. *J. P. Stevens & Co.*, supra, 14.

"Section 31-293 is the exclusive route for an employer to assert a claim over any portion of an employee's recovery from a third party. In *Skitromo* v. *Meriden Yellow Cab Co.*, 204 Conn. 485, 489, 528 A.2d 826 (1987); our Supreme Court held that an employer must strictly comply with the procedures of § 31-293 (a). In that case, the employer failed to follow the statutory mandate, and as a result, 'any right of the [employer] to the [employee's] third party recovery, including the alleged right to credit that recovery against future liability, was extinguished.' Id." *Love* v. *J. P. Stevens & Co.*, supra.

To recover for future expenditures, an employer must assert a claim before the termination of the action against the third party. Failure to do so will result in the claim being waived. Id., 18.

At the time of the settlement in September, 1984, the defendants did not preserve their claim for future payments. They asserted only their claim to the original $2500 award. The net proceeds from the settlement of $16,556.50 are not subject to any credit in favor of the defendants.

There is error, the decision is set aside and the case is remanded to the compensation review division for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.