[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO JOIN JOSE ENGINEERING CO., INC. AS CO-PLAINTIFF AND TO FILE INTERVENING COMPLAINT (#107)
In this action brought by the plaintiff, Paul Angelucci, for damages as a result of injuries he received from an electrical shock, employer Jose Engineering seeks to intervene as a plaintiff in order to obtain reimbursement for worker's compensation benefits paid to the plaintiff. The plaintiff Angelucci objects and alleges that Jose Engineering Company, Inc. failed to file its motion to intervene in a timely fashion.
Section 31-293 of the General Statutes provides in pertinent part the following: "If either such employee or such CT Page 1439 employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate."
Section 31-293 of the General Statutes. . .allows intervention by the employer or the employee in an action brought by the other against a third party legally liable for a compensable injury to the employee, provided such intervention is made within 30 days after notification of the action by the other has been given. . . [However,] until notice is given the time does not begin to run. Lakewood Metal Products vs. Capitol Machine and Switch Co., 154 Conn. 708, 710 (1967).
There is a difference between knowledge of the existence of a pending action and the notice required by the statute. A certain formality is required as to the giving of notice and until it is substantially complied with, the employer is not required to act. LaPointe vs. Casale, Inc., 12 Conn. Sup. 325,326-27 (1944).
"Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential. Section 31-293 is plain and unambiguous, leaving no room for construction. Accordingly, we cannot by construction read into this statute a provision . . . not clearly mandated therein. . . [31-293] must be applied as its words direct." Misiurka vs. Maple Hill Farms, Inc., 15 Conn. App. 381, 384
(1988).
Connecticut General Statute 31-293 merely requires written notice of: 1) "such fact" that an employer or employee is bringing an action) and 2) "the name of the court to which the writ is returnable."
"General Statutes 31-293 allows both employers and employees to bring an action against a third party who is allegedly responsible for the employee's injury. By allowing either an employer or an employee to bring an action, the law seeks to vindicate both the employee's interest in receiving the full scope of tort damages that remain uncompensated by a workers' compensation award and the employer's interest in being reimbursed for payments made because of the third parties malfeasance." Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485,488 (1987). CT Page 1440
The issue in Skitromo is set forth at page 489 and is "whether an employer forfeits his right to reimbursement when he fails to act to enforce those rights in the manner prescribed by statute. Our Supreme Court clearly stated that "In the present case, although the plaintiff notified the defendant employer by certified mail that he had initiated a third party action, the employer did not move to intervene until approximately two and one half months later. General Statutes 31-293 (a) provides that if an employer or an employee who is properly notified of a third party action fails to intervene in the action as a party plaintiff within thirty days from notification, "his right of action against such third person shall abate." Because the defendants in this case failed to file a timely motion to intervene in the third party action, they lost any right they may have had in the plaintiff's third party recovery. The court further stated at page 490 that "the defendants argue that such a result would contravene the legislative intent against permitting double recovery for the same injury. Any unfairness, however, is due to the defendants' own failure to comply with the statutory timetable. "Although one purpose of 31-293 is to avoid double recovery, it does not protect those who are less than vigilant in safeguarding their own legal rights. The imperfection is not in the statute which provides a simple means of effectuating the rights created, but in those who fail to avail themselves of its benefits for no justifiable reason." Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485, 488-490
(1987).
In the instant case, just as in Skitromo, the plaintiff notified the employer, Jose Engineering Co., by certified mail that he had instituted a lawsuit entitled Paul Angelucci v. C. W. Pond Electric in Superior Court in Bridgeport, Connecticut. Said letter and a copy of the writ, summons and complaint were sent on March 27, 1990 and received by the employer on March 29, 1990. However, the employer failed to file a motion to intervene until June 7, 1990.
In its motion to intervene, the employer complains that "the correspondence simply appended the complaint which had been filed in this action and advised as to what court the complaint was returnable." However, this is precisely the notice required by 31-293 and already deemed sufficient by the Connecticut Supreme Court.
See attached hereto a copy of the letter of notification of suit in the instant case and in the case of Skitromo v. Meriden Yellow Cab Company, Inc., 204 Conn. 485.
The failure of Jose Engineering to timely pursue the CT Page 1441 matter within the 30 days allowed by the statute or by April 29, 1990 has abated its right to intervene.
The motion to intervene by Jose Engineering Company is denied.
BALLEN, JUDGE
EXHIBIT "A"
March 27, 1990
 CERTIFIED MAIL P-811 880 663 RETURN RECEIPT REQUESTED
 Jose Engineering Co., Inc. 95 Jones Avenue Bridgeport, CT 06604
Attention: Legal Department
 Re: Our Client/Your Employee: Paul Angelucci Date of Loss: 3/24/88 Case: PAUL ANGELUCCI vs. C. W. POND ELECTRIC A/K/A POND C. W. ELECTRIC SERVICES, INC. A/K/A C. W. POND ELECTRIC SERVICES, INC., ET AL
Dear Sir/Madam:
 Notice is hereby given that suit has been brought in regard to the above matter in Superior Court, Bridgeport, Connecticut. A copy of the writ is enclosed.
Very truly yours
 Alan R. Zitomer, Esq. ARZ/jje Encl.
EXHIBIT A
October 31, 1980
 CERTIFIED MAIL RETURN RECEIPT REQUESTED
 Meriden Yellow Cab Co., Inc., 377 North Colony Road, Meriden, CT 06450
CT Page 1442
 RE: Your employee: Julian Richard Skitromo Date of Accident: August 13, 1979
Gentlemen:
 This letter is to give you notice that this office has brought suit on behalf of Julian Richard Skitromo against Lawrence D. Thilo and Penske Leasing Company, Inc., as a result of the accident of August 13, 1979. The case was returnable May 5, 1980 to Superior Court Judicial District of New Haven at New Haven, 235 Church Street, New Haven, Connecticut. The docket number is 180724 and an information copy of our summons, complaint and sheriff's return is enclosed.
Very truly yours,
Arnold B. Abrams