[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE (#117)
On March 27, 1992, the plaintiff, Margaret Ariola, filed a negligence action against Specialty Mat Corp. ("Specialty"). The plaintiff alleges she was injured in a slip and fall over a mat while walking near the entrance of her employer's store. She alleges that Specialty's negligence in placing the mat and in the maintenance of the mat and the surrounding floor area was the cause of her injury. On February 3, 1993, Specialty filed a two count third party complaint seeking indemnification from Ariola's employer, Supermarkets General ("Supermarkets").
On April 27, 1993, Supermarkets filed a motion to intervene pursuant to General Statutes 31-293(a). Supermarkets claims the right to file this motion because it was never given statutory notice of the action by Ariola.
On April 27, 1993, Supermarkets filed a motion to intervene pursuant to General Statutes 31-293(a). Supermarkets claims the right to file this motion because it was never given statutory notice of the action by Ariola.
Ariola and Specialty oppose Supermarkets' motion. Ariola opposes the motion arguing that Supermarkets' motion is untimely and that she has given written and oral notification to Supermarkets. Specialty argues, in opposition to the motion, that Supermarkets had notice of the action on February 3, 1993, when Specialty filed its third party complaint against Supermarkets, and therefore the intervention is untimely. CT Page 9707
"[A]n employer has a general right to be reimbursed from a third party tortfeasor for benefits paid to an employee for injuries caused by the third party. This right is established by General Statutes 31-293. . . ." Skitromo v. Meriden Yellow Cab Co.,204 Conn. 485, 488, 528 A.2d 826 (1987).
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, . . . the injured employee may [also] proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person. . . . If . . . the employee . . . brings an action against the third person, he shall immediately notify the . . . [employer], in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the . . . [employer] may join as a plaintiff in the action within thirty days after such notification, and, if the . . . [employer] fails to join as a party plaintiff, his right of action against the third person shall abate. The bringing of any action against the employer shall not constitute notice to the employer within the meaning of this section. General Statutes 31-293(a).
"Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential." Norwalk v. Van Dyke, 33 Conn. Sup. 661, 664,366 A.2d 554 (1976). Supermarkets claims the right to intervene because it never received the required notice from Ariola, its employee. In her objection, the plaintiff claims that she notified Supermarkets orally and in writing. However, Ariola does not offer supporting documentation of any kind as to the oral or written notification. CT Page 9708 "An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with 31-293 [cannot] be barred from intervening by the passage of time which this statute prescribes, because, until notice is given, the time does not begin to run." Speer v. Miller, Superior Court, Judicial District of Fairfield at Bridgeport, Doc. No. 291309, October 16, 1992, quoting Gurliacci v. Mayer, 218 Conn. 531,578, 590 A.2d 914 (1991).
The defendant, Specialty, claims that Supermarket had notice of the action when Specialty filed its third party complaint. "There is a difference between knowledge of the existence of a pending action and the notice required by the statute. A certain formality is required as to the giving of notice and until it is substantially complied with, the employer is not required to act." Angelucci v. C.W. Pond Electric, 2 Conn. L. Rptr. 291 (August 20, 1990, Ballen, J.) In Gurliacci v. Mayer, the court refused to find that an employer had notice of an action because the same attorney represented the employer and the third party against whom the action had been brought. 218 Conn. 531, 590 A.2d 914 (1991).
 The statute . . . provides that `[t]he bringing of any such action against an employer shall not constitute notice to such employer within the meaning of this section. If the filing of the action against the employer is insufficient notice to satisfy 31-293(a), then [the] filing of such an action against a third party who has the same attorney as the employer is likewise insufficient notice.
(Citations omitted.) Gurliacci v. Mayer, supra, 578-79.
If the bringing of an action against the employer does not serve as notice for the purposes of General Statutes 31-293(a) then the bringing of a third party action by the defendant cannot serve as notice for the purposes of 31-293(a) either. Therefore Supermarkets has not received the requisite statutory notice and has the right to intervene in this action.
The motion to intervene is granted.
KULAWIZ, J. CT Page 9709