[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION FOR DISSOLUTION OF TEMPORARY INJUNCTION
CT Page 5519
The plaintiff, Houde, was employed by the defendant, Dunbar, on January 9, 1991. He was a passenger in a vehicle owned by the defendant and operated by a fellow employee, Lenzi. As a result of Lenzi's negligence the vehicle crashed causing injuries to the plaintiff on that date.
Pursuant to Connecticut General Statutes § 31-293 the plaintiff notified Dunbar of his action against Lenzi for damages on June 21, 1991. After receiving the notice in a timely manner, Dunbar failed to intervene within thirty days as required by the statute. It did so move on June 16, 1992. The court found the attempt to intervene untimely and denied the Motion to Intervene. No appeal was taken from this decision.
On February 7, 1994, Dunbar filed with counsel for Lenzi a claimed "lien" on any settlement proceeds to the plaintiff in the Houde v. Lenzi case. Dunbar claims that the "lien" is authorized by Public Act 93-228 Sec. 7 which became effective July 1, 1993 and amends Connecticut General Statutes § 31-293.
The case of Houde V.[v.] Lenzi was to start evidence on May 3, 1994. On April 18, 1994, this court granted a temporary injunction restraining the defendant from asserting any lien, claim right or interest in any proceeds to be had in Houde v.Lenzi. A stipulated judgment was entered into between the parties involved in Houde v. Lenzi on April 20, 1994. The stipulated judgment conditioned disbursement of the proceeds in part on a final resolution of the claim of Dunbar and its worker's compensation carrier, Continental Insurance Company.
Dunbar and its insurer, the Continental Insurance Company's sole claim is that P.A. 93-228 operates retroactively. If not they have no claim to any benefits. The law is clear that the statutory laws in effect at the time of an employee's injury governs the employer's right to intervene in a third party action such as this. The applicable law is the statute in effect on the date of the injury, January 9, 1991.
On that date Connecticut General Statutes § 31-293 was clear and unequivocal that if an employer or worker CT Page 5520 compensation carrier failed to intervene in a third party action in a timely manner, their claim was extinguished forever. Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485
(1987).
As to whether P.A. 93-228 applies retroactively, the court looks to its predecessor statute P.A. 79-483. In that regard the courts held that it did not.
A review of the legislative history of the act discloses that the legislators, both the House of Representatives, Rep. Winkler and the Senate, Senator Meotti, stated in effect that the bill would apply only to injuries occurring after July 31, 1993.
The general rule is if the legislation affects a substantive right it cannot be applied retroactively. If it affects a procedural right it may be applied retroactively. In the case of P.A. 93-228 the bill clearly affects a substantive right of the plaintiff, namely his right to resolve a third party claim in the amount of $775,000 without the necessity of a trial and without having to reimburse the defendants for an unspecified lien. The court, therefore, concludes that P.A. 93-228 affects the substantive rights of the parties, and is not to be applied retroactively. The defendants' asserted lien is contrary to applicable case law, statutory construction and legislative intent.
The defendants, therefore, have no valid claim or interest in any proceeds in the case of Houde v. Lenzi.
The temporary injunction was granted to preserve the status quo and protect the parties in Houde v. Lenzi from irreparable harm. Defendants' attempt to argue no irreparable harm if the injunction was not granted. The plaintiff has demonstrated the irreparable harm to be caused by being required to try a long and expensive case; prevention of receiving and using judgment proceeds; and failure of defendant, Continental to pay for necessary and reasonable surgery prescribed by plaintiff's treating physician. The plaintiff has been diagnosed with depression and has attempted suicide on two occasions. The court finds this type of situation to be more than economic loss. Furthermore, had not the temporary injunction been granted the case would have had to be tried with possible further adverse effects upon the CT Page 5521 plaintiff's health, all because of the continued assertion of an invalid lien by the defendants.
Additionally, the plaintiff does not have an adequate remedy at law to address the defendants' lien. The temporary injunction enabled the parties to enter into a stipulated judgment in Houde v. Lenzi. If the temporary injunction were to be dissolved, the plaintiff would suffer irreparable harm, before the rights of the parties could be determined after a full hearing on the merits.
Accordingly, the defendants' motion to dissolve the temporary injunction is hereby denied.
Hurley, J.