[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION FOR APPORTIONMENT (#161.50)
The intervening plaintiff, employer of the plaintiff Thomas Brazzell, has moved for apportionment of damages pursuant to § 31-293
C.G.S.
In the instant action the jury returned a verdict in favor of the plaintiff and pursuant to the mandate of Tort Reform allocated damages as follows:
Economic Damages: $ 285,000.00
Non-Economic Damages: $ 400,000.00
The jury determined that Mr. Brazzell was 25% comparatively responsible, thereby reducing the total verdict to $513,750.00. The collectible economic damages are thus reduced from $285,000.00 to $213,750.00 and collectible non-economic damages reduced from $400,000.00 to $300,000.00.
In a hearing held on July 26, 1994, it was stipulated by the parties that the employer (State of Connecticut) pursuant to the Workers Compensation laws paid to or on behalf of the plaintiff the following sums:*
$ 56,896.62 for Medical Expense CT Page 7640
$ 118,588.91 for Indemnity
The indemnity payments include the sum of $18,421.53 for specific indemnity. The specific indemnity represented compensation for 22.55% permanent partial disability of the right lower extremity and scarring. The balance of the indemnity payments represent a percentage of the plaintiff's wages paid to him while he was disabled and unable to work.
Economic damages are defined as pecuniary losses including medical expenses and impairment of earning capacity. Non-economic damages embrace compensation for all non-pecuniary losses such as pain and suffering and implications of permanent disability and scarring. (C.F. § 52-572h C.G.S.) Thus it would seem that sums paid for medical expenses and weekly indemnity while one is disabled are in the nature of economic damages, whereas specific indemnity embraces damages of the non-economic variety to wit: implications of a permanent disability and scarring.
The employer should not be permitted to invade that portion of the plaintiff's recovery in a third party action allocated to noneconomic damages to satisfy its claim for reimbursement for medical expenses and weekly indemnity covering the period of disability. See Love v. J. P. Stevens Co., 21 Conn. App. 9, 18, 19.
An award for non-economic damages however should be available to satisfy he claim for reimbursement for specific indemnity.
Further, there is no reason why the claim for reimbursement under the Workers Compensation Act should not be reduced to the same extent that the plaintiff's recovery has been reduced by his comparative negligence.
Clearly if the employer had elected to bring a direct action against a third party, the extent of said employer's ability to recover could not be greater than the employee in whose shoes he stands. Further the plaintiff should not be penalized twice, once by having his recovery against the tortfeasor reduced by the percentage of his comparative negligence, and yet be obligated to reimburse the employer in full.
The Workers Compensation proceeds recoverable out of economic CT Page 7641 damages totals $167,064.00 ($56,896.12 in medical expenses plus $110,167.38 representing indemnity payments of $118,588.91, less $18,421.53 covering specific indemnity for permanent disability and scarring). The balance of $18,421.53 is recoverable out of non-economic damages.
Plaintiff's counsel is entitled to a 33-1/3% fee out of the recoverable economic and non-economic damages.
Net economic damages total $142,500.00, representing $213,750.00 less a fee of $71,250.00; net non-economic damages total $200,000.00, representing $300,000.00 less a fee of $100,000.00.
The apportionment of damages to the State of Connecticut, intervening plaintiff, is as follows:
 (1) Out of Economic Damages the sum of $ 125,298.00 ($167,064.00, less reduction of 25% for comparative negligence)
 (2) Out of Non-Economic Damages the sum of $ 13,816.16 ($18,421.53 less reduction of 25% for comparative negligence)
 Total amount of damages apportioned to State of Connecticut, intervening plaintiff, is $ 139,114.16.
John C. Flanagan State Trial Referee