[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendants' motion to dismiss the intervening plaintiff's second amended complaint. For the reasons stated herein, the defendants' motion is hereby denied.
 I. BACKGROUND
This action is brought pursuant to the provisions of General Statutes § 38a-321 (hereinafter referred to as the "direct action" statute). The plaintiff, Emilio Mendez (Mendez), had obtained a default judgment in a prior civil action instituted by him against Willie Milledge, doing business as Milledge Sons (Milledge). That action, which was returnable to the Superior Court for the judicial district of Hartford/New Britain at New Britain on August 3, 1993, arose out of injuries sustained by the plaintiff when he was struck by a truck driven by the defendant while the plaintiff was performing repairs on the Bulkeley Bridge for his employer, White Oak Corporation (White Oak). White Oak, which successfully intervened as a plaintiff in that action, had paid workers' compensation benefits to the plaintiff Mendez prior to the entry of the default judgment for $86,000. In apportioning the judgment between the plaintiffs, the court (Langenbach, J.) stated: "I'll order whatever has been paid or will be paid by comp. will have to be reimbursed." (See White Oak's Memorandum of Law in support of Motion to Intervene, filed September 8, 1997, Exhibit A, Transcript of Proceedings before Hon. John J. Langenbach, November 7, 1994, Mendez v. Milledge, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 527521, page 10).
The judgment debtor Milledge, who failed to pay the judgment in the prior action, was insured by ITT Hartford and Hartford Casualty Insurance CT Page 14058 Company (Hartford Casualty) at the time of the accident on July 16, 1991, which accident resulted in the injuries sustained byMendez. These insurers are the defendants in the current action. Mendez sent notice to the insurers of the judgment entered against Milledge and his intent to pursue his subrogation rights. He then filed the present action against IIT Hartford on April 24, 1997, pursuant to the provisions of General Statutes § 38a-321. White Oak was again granted intervenor status as a plaintiff in the current action on October 20, 1997. Mendez' motion to cite in Hartford Casualty as an additional defendant in this action was granted on April 27, 1999. Mendez' current amended complaint against both defendants was filed on November 14, 2000.
On April 26, 2001, Hartford Casualty filed a motion to dismiss White Oak's intervening amended complaint of July 31, 1998. This motion to dismiss was denied on August 13, 2001, on the basis that the specific complaint to which the motion was addressed had not named Hartford Casualty as a defendant. On August 17, 2001, White Oak filed a second amended complaint dated August 16, 2001, in which it named as an additional defendant Hartford Casualty.
On September 4, 2001, the defendants Hartford ITT and Hartford Casualty filed a motion to dismiss White Oak's second amended intervening complaint of August 16, 2001, with a memorandum in support. On September 10, 2001, White Oak filed a memorandum in opposition as required by Practice book § 10-31 (b). The court heard oral argument thereon on September 24, 2001.
 II STANDARD OF REVIEW
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) Coughlinv. Waterbury, 61 Conn. App. 310, 314, 763 A.2d 1058 (2001). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted).Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271
(1999).
Practice Book § 10-31(a)(1) provides that "a motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." The issue of standing to sue comes within the scope of the motion to dismiss. "[S]tanding . . . implicates a court's subject matter CT Page 14059 jurisdiction, which may be raised at any point in judicial proceedings."Stamford Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v. Golenbock, 238 Conn. 183, 199
n. 13, 680 A.2d 1243 (1996).
"[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v.Slotnik, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017,119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v. Ganim,241 Conn. 546, 552, 698 A.2d 245 (1997).
 III DISCUSSION
The defendants ITT Hartford and Hartford Casualty, in their Motion to Dismiss, argue that White Oak has no standing to proceed against the defendants under the direct action statute and that the court, therefore, lacks jurisdiction to entertain the intervenor's complaint. The term "judgment creditor," as used in General Statutes §38a-321,[1] applies solely to the plaintiff Mendez, according to the defendants; therefore White Oak has no standing to intervene in an action brought under that section. The direct action statute is a means by which a judgment creditor may sue directly the insurer of a judgment debtor who fails to pay damages awarded for loss on account of bodily injury within thirty days after the date the judgment was rendered. The statute subrogates the judgment creditor to all the rights of the defendant in the underlying action to proceed against said defendant's insurer as if said defendant had paid the judgment to the plaintiff.
The defendants argue further that because White Oak is foreclosed from asserting its claims under the direct action statute, its sole remedy is by way of intervention against the third party tortfeasor under the intervention statute, General Statutes § 31-293. White Oak did, in fact, intervene in the underlying lawsuit against the insured tortfeasor under the terms of that statute; however, such intervention is limited to proceeding against the tortfeasor and is not available to White Oak under the current action which is against the insurer.
In its memorandum of law objecting to the defendants' motion to dismiss, White Oak sets forth three theories in support of its legal CT Page 14060 standing: first, that the law of the case establishes White Oak's standing by virtue of the court's decision denying the defendants' motion to dismiss Mendez' November 10, 2000 amended complaint and the court's October 20, 1997 order granting White Oak intervention status as a plaintiff; second, that White Oak is a "judgment creditor" within the meaning of § 38a-321 with standing to maintain a direct action against the insurer; and, third, that it is not constrained by the provisions of § 31-293, because it is not proceeding under that section but rather under § 38a-321.
The defendants rely upon Brown v. Employer's Reinsurance Corp.,206 Conn. 668, 672, 539 A.2d 138 (1988), as authority for the proposition that a "judgment creditor" as used in the direct action statute is one who has sustained bodily injury at the hands of the insured judgment debtor. This narrow construction would eliminate White Oak from the definition of judgment creditor entitled to proceed directly against the insurer under that section. Although the Brown decision includes "injured person" or "injured party" within the scope of the term "judgment creditor," it does not specifically exclude from that category those who are judgment creditors but who have not sustained bodily injuries in the underlying action. In determining that the plaintiff could not recover from the insurer under the direct action statute, the Brown court did not reach the question of whether he was within the class of those determined to be judgment creditors under the statute; it decided only that the plaintiff was not entitled to proceed under the direct action statute because the defendant insured in the underlying action had breached its contract of insurance with its carrier. Thus, the judgment debtor had forfeited its rights against the insurer which would ordinarily have been transferrable to the plaintiff under the direct action statute.
The defendants' further reliance on Skitromo v. Meriden Yellow CabCo., 204 Conn. 485, 528 A.2d 826 (1987), for the argument that White Oak lacks standing to proceed directly against the defendant insurers in the current action, is also misplaced. "The sole issue in this appeal is whether an employer who is obligated to pay workers' compensation benefits to an injured employee may credit against its future compensation liability the amount recovered by that employee in a third party action despite the employer's failure to intervene in the third party proceedings in the manner prescribed by General Statutes §31-293." Skitromo v. Meriden Yellow Cab Co., supra, 204 Conn. 485-86. This case sets forth in detail the statutory procedure for an employer's intervention under § 31-293 in an action against a third party tortfeasor; it does not support the defendants' argument that "there is no appropriate statutory or common law basis for White Oak's Intervening Complaint against the defendants. . . ." (See Defendants' Memorandum of Law in Support of Motion to Dismiss, page 6). CT Page 14061
Likewise, in Libby v. Goodwin Pontiac-GMC Truck, Inc., 241 Conn. 170,695 A.2d 1036 (1997), also cited by the defendants in support of their argument that White Oak's sole remedy is against the third party tortfeasor and not the employee's insurer, the issue before the court was the same as the one before the Skitromo court. That court considered only whether an employer who failed to intervene in the employee's action against a third party tortfeasor can offset its future liability to make workers' compensation payments against the settlement proceeds from that action.
A fourth decision relied upon by the defendants to restrict an employer's remedy to that of intervention under § 31-293, Robinsonv. Faulkner, 163 Conn. 365, 306 A.2d 857 (1972), merely discusses that statutory right as being personal to the employer to exercise at the employer's discretion and not at the expectation or desire of the employee.
The foregoing decisions cited by the defendants concern themselves with an employer's right of reimbursement for compensation benefits paid to an injured employee from damages paid by the third party tortfeasor; they do not consider the issue of an employer's further rights when damages are not actually recovered in the action against the tortfeasor.
In contradiction to the defendants' argument, White Oak contends that it is a judgment creditor within the meaning of § 38a-321, and, as such, is entitled to participate in a direct action against the judgment debtor's insurers. Its right to reimbursement, it avers, is a substantive right, "one of subrogation to the right of the injured employee to recover for the tort committed against him" Stavola v. Palmer,136 Conn. 670, 677, 73 A.2d 831 (1950). "The reimbursement comes to the employer from the judgment against the third party, and not from the employee." Olszewski v. State Employees Retirement Commission,144 Conn. 322, 130 A.2d 801 (1957). Its right "shall take precedence over that of the injured employee in the proceeds of the recovery. . . ." General Statutes § 31-293.
It is undisputed that White Oak was a party plaintiff to the underlying action against Milledge which resulted in the default judgment against him. (See August 16, 2001 Amended Intervening Complaint of White Oak Corporation ¶ 8). It is further undisputed that the $86,000 judgment entered in that action on November 7, 1994, was apportioned by the court between the plaintiffs. (See White Oak's Memorandum in support of Motion to Intervene, Exhibit A, Transcript, supra).
Section 38a-321 confers upon a judgment creditor a direct right of CT Page 14062 action against the judgment debtor's insurer in situations where, as here, the judgment has not been paid by the judgment debtor. "The intention of the Act is to give the injured person the same rights under the policy as the insured." Brown v. Employer's Reinsurance Corp.,
supra, 206 Conn. 672. The plain language of the statute provides: "Upon the recovery of a final judgment . . . by any person . . . for loss or damage on account of bodily injury . . . such judgment creditor . . . shall have a right of action against the insurer. . . . (Emphasis added). The statute does not say: "for loss or damage on account of bodily injury sustained by such person. . . ." (Emphasis added.) There is, therefore, no basis to assume, as defendants contend, that the legislature intended to limit the right to maintain actions under this section to judgment creditors who had sustained bodily injury at the hands of the insured.
"The Act does not . . . give the injured person any greater rights under the policy than the assured himself has and does not, for his benefit, deprive the [insurance] company of any defenses ordinarily open to an insurer in an action by the assured." Guerin v. Indemnity Ins.Co., 107 Conn. 649, 653, 142 A. 268 (1928). The inclusion of White Oak as a party plaintiff in the current action does not in any way increase the defendants' liability which has been fixed at $86,000 under the terms of the 1994 judgment.
Connecticut courts have not imposed any requirements for maintaining an action under the direct action statute that are not clearly set forth in the plain language of the section. "The three requisites of a cause of action under this statute are (1) that the plaintiff has recovered a final judgment; (2) that the judgment is against a person who was insured by the defendant against liability on it; and (3) that the judgment remains unsatisfied." Skut v. Hartford Accident Indemnity Co.,142 Conn. 388, 393, 114 A.2d 681 (1955). "There is no recorded legislative history . . . which militates against the broad construction dictated by the common usage of the language of the act. . . . It clearly is incumbent upon any litigant desiring to limit the general and inclusive import of [a] word to show something in the context of the statute or some general course of interpretation in like matters, sufficient logically to justify a restriction. . . ." (Internal citation omitted.) Verdon v. Transamerica Ins. Co., 187 Conn. 363, 368-70,446 A.2d 3 (1982). The defendants have provided no authority for the restriction of the term "judgment creditor" in the direct action statute to one who has sustained bodily injury at the hands of the insured.
In its memorandum in opposition, White Oak additionally contends that the principle of the law of the case establishes its right to proceed as an intervening plaintiff in the current action. "The law of the case . . . CT Page 14063 expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation of their power. New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Citations omitted; internal quotation marks omitted.)Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982).
White Oak relies, in part, in its argument for the application of the law of the case, upon the October 20, 1997 order of the court granting it intervention status as a plaintiff in the current action. White Oak put forth this claim in its memorandum in opposition and again in its oral argument on the motion to dismiss. Although a challenge to subject matter jurisdiction may be raised at any point in the proceedings; see Dowlingv. Slotnik, supra, 244 Conn. 787, the defendants seek now, nearly four years after the granting of White Oak's right to intervene, and, on the eve of trial, to challenge White Oak's continued participation in the action without a showing of any change of circumstances occurring subsequent to the earlier order of intervention. The defendants do not provide any new arguments addressed to the current motion to dismiss which were not raised at the time that White Oak sought intervention status in June of 1997. The defendants' only response to White Oak's law of the case theory occurred at oral argument on the motion to dismiss. At that time. the defendants contended merely that the order granting intervention status has no relevance to the motion to dismiss, nor is it controlling of the entire course of trial. The defendants' argument that the law of the case is inapplicable to the current situation is not persuasive.
 IV CONCLUSION
The defendants have failed to establish that White Oak must be excluded from the definition of the term "judgment creditor" under the direct action statute and have further failed to demonstrate that the law of the case is inapplicable to preserve White Oak's status as a party plaintiff. White Oak has sustained the burden of proving its legal standing and, correspondingly, the court's jurisdiction to act upon its complaint. The defendants' motion to dismiss White Oak's second amended intervening complaint is denied.
So ordered. October 5, 2001. CT Page 14064
BY THE COURT
PETER EMMETT WIESE, JUDGE