WILLIAM LOVE *v.* J. P. STEVENS AND COMPANY, INC., ET AL.
(13935)

PETERS, C. J., GLASS, COVELLO, HULL and BORDEN, Js.

Argued December 11, 1990—decision released March 19, 1991

*Kevin J. Maher,* for the appellants-appellees (defendants).

*John M. Creane,* for the appellee-appellant (plaintiff).

*Robert G. Montstream,* filed a brief for Peerless Insurance Company et al. as amici curiae.

Covello, J. This is an appeal from a decision of the compensation review division of the workers' compensation commission. The sole issue presented is whether an employer, who has properly intervened in an action by an injured employee against a third party, may set off a claim for future medical compensation against the net proceeds that the employee recovered from the third party tortfeasor. We conclude that such a set off is permitted by General Statutes § 31-293 (a),[1] the stat-

---

[1] General Statutes § 31-293 (a) provides in relevant part: "When any injury for which compensation is payable under . . . this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages . . . the injured employee may proceed at law against such person to recover damages for such injury . . . . If . . . any damages are recovered, such damages shall be so apportioned that the claim of the employer . . . shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction

ute that establishes the liability of third persons to employers and employees under the Workers' Compensation Act. We therefore reverse the judgment of the Appellate Court.

Examination of the record discloses the following. On March 22, 1979, the plaintiff, William Love, suffered an injury to his right, master hand. In September, 1979, he underwent reconstructive surgery to increase the use of his hand. On August 29, 1980, the workers' compensation commissioner (commissioner) approved a voluntary agreement under which the defendant Liberty Mutual Insurance Company (Liberty Mutual)[2] paid the plaintiff $34,718 for his permanent partial disability. Together with the disability compensation and other payments to the plaintiff, Liberty Mutual paid to the plaintiff a total of $48,011.92. After further medical evaluation, the commissioner recommended that the plaintiff have further reconstructive surgery. On October 14, 1981, the commissioner made a finding and award of $40,000 for future surgery. Shortly after the accident, the plaintiff filed a third party tort action against the manufacturer of the machine that he was operating at the time of the accident. The defendants

of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery. The rendition of a judgment in favor of the employee or the employer against such party shall not terminate the employer's obligation to make further compensation, including medical expenses, which the compensation commissioner thereafter deems payable to such injured employee. If the damages, after deducting the employee's expenses . . . are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. For the purposes of this section the employer's claim shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of such injury. . . ."

[2] The other defendant, J. P. Stevens and Company, Inc., was the plaintiff's employer.

herein intervened in a timely manner as required by General Statutes § 31-293. On January 8, 1982, the trial court rendered a stipulated judgment wherein the plaintiff received $250,000 from the third party tortfeasor. The defendants received $48,011.92 by way of reimbursement for workers' compensation payments made to date. The plaintiff received $118,654.75 after legal fees and expenses had been deducted.

Thereafter, the defendants filed a motion for credit with the workers' compensation commission arguing that they should be granted a credit of $118,654.75 against future medical expenses. The plaintiff opposed the motion on the ground that the commissioner had no authority to enter such an award. On January 7, 1985, the compensation commissioner, with whom the compensation review division thereafter agreed, concluded that the defendants were entitled to a credit to the extent of the plaintiff's $116,664.51 third party award. The plaintiff appealed to the Appellate Court which reversed the decision of the compensation review division. The court concluded that although the defendants did not have a right to a $118,654.75 credit, they had effectively preserved their rights under § 31-293 (a) to the $40,000 sum already awarded by the commissioner. We granted certification limited to the issue of whether the commissioner is authorized to award the employer a credit against future workers' compensation benefits in an amount equal to the employee's net recovery from a personal injury claim made against a third party tortfeasor.

Disposition of this case is controlled to a large extent by our decision published this date in *Enquist* v. *General Datacom,* 218 Conn. 19, 587 A.2d 1029 (1991). In *Enquist,* we concluded that § 31-293 allows an employer to obtain a credit against unknown future compensa-

tion payments to the extent of a third party tort recovery less expenses and attorney's fees.

In this case, we agree with the Appellate Court that the employer properly preserved his rights to reimbursement for the $40,000 in known future benefits at the conclusion of the third party action. Our decision in *Enquist* requires us to conclude furthermore that, with respect to the employer's yet unknown compensation obligations, the employer is allowed to obtain a credit to the extent of the net third party recovery.

The plaintiff claims, however, that even if an employer is entitled to a credit to the extent of a third party recovery, such credit must be established by the court and not by the workers' compensation commissioner because § 31-293 (a) does not expressly permit the workers' compensation commissioner to establish the amount of the credit. The plaintiff argues, therefore, that it is beyond the authority of the commissioner to make apportionments for future benefits after the third party action is over. We disagree.

Section 31-293 (a) states explicitly that an employer has a right to reimbursement for "an amount equal to the present worth of any probable future payments which he has *by award* become obligated to pay . . . ." (Emphasis added.) Under our Workers' Compensation Act only the commissioner has the authority to make compensation awards.[3] We note in addition that it would be inefficient for parties to be compelled to return, perhaps repeatedly, to the trial court in order to make necessary adjustments to compensation awards after the conclusion of the third party action. Therefore, although § 31-293 (a) does not specifically state that the commissioner has the responsibility to

[3] See, e.g., General Statutes § 31-278; *Delgaizo* v. *Veeder-Root, Inc.,* 133 Conn. 664, 668, 54 A.2d 262 (1947).

calculate the credit for unknown future benefits, the act, in general, delegates this responsibility to the commissioner and, in the absence of express language to the contrary, we decline to hold otherwise.

The judgment of the Appellate Court is reversed and the matter is remanded to that court with direction to render judgment affirming the decision of the compensation review division.

In this opinion PETERS, C. J., and BORDEN, J., concurred.

GLASS, J., with whom HULL, J., joins, dissenting. The majority's decision in this case is controlled by the majority decision in *Enquist* v. *General Datacom,* 218 Conn. 19, 587 A.2d 1029 (1991). In *Enquist,* I voiced my disagreement with the reasoning and the result reached by the majority in a dissenting opinion. I continue to adhere to the views expressed in my dissent in *Enquist.* Accordingly, in this case, I also respectfully dissent.