# DAVID LIBBY *v.* GOODWIN PONTIAC-GMC TRUCK, INC., ET AL.
## (SC 15520)

Callahan, C. J., and Berdon, Katz, Palmer and Peters, Js.

Argued March 21—officially released May 20, 1997

*Brian E. Prindle,* for the appellants (named defendant et al.).

*Robert C. Ruggiero, Jr.,* with whom, on the brief, was *Joseph S. Dobrowolski,* for the appellee (plaintiff).

*Opinion*

BERDON, J. The sole issue in this appeal is whether, under the workers' compensation act (act), General Statutes § 31-275 et seq., the defendants[1] were entitled to a credit against future workers' compensation liability measured by the amount of a settlement that the plaintiff, David Libby, reached with respect to a personal injury claim against a third party tortfeasor. Because the defendants failed to perfect their statutory rights under General Statutes (Rev. to 1991) § 31-293 (a),[2] we conclude that the defendants are not entitled

[1] References in this opinion to the defendants are to Goodwin Pontiac-GMC Truck, Inc., the plaintiff's employer, and Helmsman Management Services, Inc., the employer's workers' compensation insurance carrier. John Dempsey Hospital, also a defendant in the administrative proceedings, is not a party to this appeal.

[2] General Statutes (Rev. to 1991) § 31-293 (a) provides: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by

to a credit against their workers' compensation liability in the amount of the plaintiff's recovery from the third party tortfeasor.

The opinion of the Appellate Court sets forth the relevant undisputed facts. "The plaintiff, David Libby, was an employee of the named defendant, Goodwin Pontiac-GMC Truck, Inc., on February 1, 1987, when he was injured in a work-related automobile accident

personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in such action, the employer may join as a party plaintiff in such action. The bringing of any such action against an employer shall not constitute notice to such employer within the meaning of this section. If such employer and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery. The rendition of a judgment in favor of the employee or the employer against such party shall not terminate the employer's obligation to make further compensation, including medical expenses, which the compensation commissioner thereafter deems payable to such injured employee. If the damages, after deducting the employee's expenses as provided above, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section the employer's claim shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of such injury. The word 'compensation', as used in this section, shall be construed to include not only incapacity payments to an injured employee and payments to the dependents of a deceased employee, but also sums paid out for surgical, medical and hospital services to an injured employee, the one-thousand-dollar burial fee provided by law and payments made under the provisions of sections 31-312 and 31-313." See footnote 7 of this opinion.

involving a third party.[3] The plaintiff did not file an action against the third party, but, in September, 1989, the plaintiff received a $37,365 settlement from the third party. The defendants were not involved in the settlement, and neither the plaintiff nor the third party paid or promised to pay the defendants any settlement proceeds. The defendants did not file an action against the third party. On July 20, 1990, the plaintiff received treatment for his injury at John Dempsey Hospital and incurred a bill of $2058. The defendants declined to pay the bill, claiming that they were entitled to a credit against their workers' compensation liability in the amount of the plaintiff's settlement with the third party." *Libby* v. *Goodwin Pontiac-GMC Truck, Inc.*, 42 Conn. App. 200, 202–203, 678 A.2d 995 (1996).

The workers' compensation commissioner (commissioner) determined that the defendants were not entitled to a credit in the amount of the plaintiff's settlement, and that the defendants were required to pay the plaintiff's hospital bill. In making his determination, the commissioner found that the defendants' rights were governed by § 31-293 (a), which entitled the defendants to bring an independent action against the third party tortfeasor, and that the defendants' failure to bring such an action precluded them from claiming a credit in the amount of the plaintiff's settlement. The workers' compensation review board (board) affirmed the determination of the commissioner.

The Appellate Court affirmed the decision of the board, concluding that the defendants had failed to protect their statutory right to reimbursement by filing their own action against the third party tortfeasor and, therefore, that they were not entitled to credit the plain-

---

[3] "The named defendant's insurance carrier accepted the injury as a compensable work-related injury." *Libby* v. *Goodwin Pontiac-GMC Truck, Inc.*, 42 Conn. App. 200, 203 n.3, 678 A.2d 995 (1996).

tiff's settlement against their workers' compensation liability. Id., 209. We granted the defendants' petition for certification,[4] and now affirm the judgment of the Appellate Court.

We begin our analysis with some overriding principles embodied in the act. "First, the [act] protects an injured employee by allowing the employee to sue a third party tortfeasor in a private cause of action for damages, such as pain and suffering, that are uncompensated by a workers' compensation award. . . . Second, the [act] protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action. . . . Third, the employer's statutory right to subrogation of the proceeds of the employee's claim against the tortfeasor implements the public policy of preventing double recovery by an injured employee. . . . Fourth, the employer's statutory right to reimbursement reenforces the public policy that, between the employer and the employee, workers' compensation provides the exclusive remedy for personal injury to the employee. . . ." (Citations omitted.) *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 779–80, 610 A.2d 1277 (1992). Furthermore, "[w]e have repeatedly observed that our act represents a complex and comprehensive *statutory* scheme balancing the rights and claims of the employer and the employee arising out of work-related personal injuries. Because of the comprehensive nature of the act, the responsibility for carving out exceptions from

---

[4] We granted the defendants' petition for certification to appeal, limited to the following issue: "If an employee covered by workers' compensation settles a personal injury claim against a third party, is the employer entitled to a credit against future compensation benefits equal to the amount of the settlement?" *Libby* v. *Goodwin Pontiac-GMC Truck, Inc.*, 239 Conn. 915, 682 A.2d 1002 (1996).

any one of its provisions belongs to the legislature and not to the courts." (Emphasis added.) Id., 781.

Relying principally on *Rosenbaum* v. *Hartford News Co.*, 92 Conn. 398, 103 A. 120 (1918), the defendants argue that they are entitled to a credit against their workers' compensation liability in the amount of the plaintiff's settlement with the third party tortfeasor, even though they did not bring an independent action pursuant to § 31-293 (a). We disagree.

In *Rosenbaum*, an employee recovered a monetary settlement from a third party tortfeasor and subsequently sought workers' compensation benefits from his employer. Id., 399. This court concluded that the predecessor of § 31-293 (a) required that "if the employer has become obligated to pay compensation, but has not paid it, and the damages recovered [from the third party action] are greater than the amount of compensation the employer has become obligated to pay . . . the entire excess is directed to be assessed in favor of the injured employee, with the consequence of discharging the employer from his ascertained liability under the award. . . . [Section 31-293 (a)] either reimburses or discharges the employer out of the first moneys available for the payment of damages." Id., 401–402.

Since this court decided *Rosenbaum*, the road has been well traveled with respect to an employer's right to reimbursement for an employee's recovery from a third party under § 31-293 (a). Indeed, we have stated that *Rosenbaum* and its progeny "establish *only* that an employer has a general right to be reimbursed from a third party tortfeasor for benefits paid to an employee for injuries caused by the third party. This right is established by . . . § 31-293, which allows both employers and employees to bring an action against a third party who is allegedly responsible for the employee's injury.

By allowing either an employer or an employee to bring an action, the law seeks to vindicate both the employee's interest in receiving the full scope of tort damages that remain uncompensated by a workers' compensation award and the employer's interest in being reimbursed for payments made because of the third party's malfeasance." (Emphasis added.) *Skitromo* v. *Meriden Yellow Cab Co.*, 204 Conn. 485, 488, 528 A.2d 826 (1987).

In *Skitromo*, an injured employee who had received workers' compensation benefits sought to compel the defendants, his employer and its workers' compensation insurance carrier, to continue providing such benefits even after he had reached a settlement with a third party involved in the accident. The defendants conceded that because they had failed to intervene in a timely fashion in the third party action, they had no right to reimbursement of the amounts that they had already paid to the employee in benefits. Id., 487–88. The defendants argued, however, that they were entitled to credit the amount received by the employee in the third party settlement against their future workers' compensation liability. Id., 488.

Concluding that the defendants were not entitled to a credit for the third party payments, this court stated: "The defendants attempt to circumvent the requirements of . . . § 31-293 by characterizing their claim not as a right to reimbursement from the third party tortfeasor, but as a right to reduce their future payments owed to the injured employee. The defendants, however, have no such right against an employee either by statute or common law. *Norwalk* v. *Van Dyke*, 33 Conn. Sup. 661, 666, 366 A.2d 554, cert. denied, 172 Conn. 681, 364 A.2d 864 (1976). *Their sole means to assert any right against the plaintiff's third party recovery was by way of the procedure set forth in § 31-293.* By failing to comply with the statutory procedure, any right of the defendants to the plaintiff's third party recovery,

including the alleged right to credit that recovery against its future liability, was extinguished." (Emphasis added.) *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 204 Conn. 489–90.[5]

Furthermore, this court has stated repeatedly that "an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293 (a)." *Durniak* v. *August Winter & Sons, Inc.*, supra, 222 Conn. 782; see also *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 204 Conn. 489; *Robinson* v. *Faulkner*, 163 Conn. 365, 377–78, 306 A.2d 857 (1972).

The defendants argue that cases such as *Skitromo* must be distinguished from the present case because, in those cases, the employee brought an action against the third party tortfeasor, notice of which was given to the employer pursuant to § 31-293, and the employer failed to intervene. We are not persuaded, however, that the absence of such notice to the employer is dispositive because, at any time within the statute of limitations period, the defendants in the present case could have brought an independent action against the third party tortfeasor pursuant to § 31-293 (a). See General Statutes (Rev. to 1991) § 31-293 (a) ("any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee"). The defendants' failure to bring an action against the third party tortfeasor is just as much a waiver of their reimbursement rights

---

[5] Although we believe that *Skitromo* implicitly overruled *Rosenbaum* to the extent that *Rosenbaum* provides that an employer may have a right to receive a credit against future compensation liability from any settlement obtained by the employee from a third party tortfeasor even though the employer failed to perfect its right under § 31-293 (a), if there is any doubt, we expressly overrule that aspect of *Rosenbaum* today.

as if they had failed to intervene after notice of the action brought by the plaintiff. See *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 204 Conn. 489 ("an employer forfeits his right to reimbursement when he fails to act to enforce those rights in the manner prescribed by statute").[6]

With these principles in mind, we conclude that an employer is not entitled to a credit in the amount of the employee's settlement proceeds against the employer's future workers' compensation liability for work-related injuries that the employee incurred prior to the July 1, 1993 effective date of the revision of § 31-293 (a), unless the employer has either intervened in the employee's action against the third party tortfeasor or has brought a direct action against the third party tortfeasor.[7] In this

---

[6] Furthermore, the defendants' reliance upon *Enquist* v. *General Datacom*, 218 Conn. 19, 587 A.2d 1029 (1991), and *Love* v. *J. P. Stevens & Co.*, 218 Conn. 46, 587 A.2d 1042 (1991), is equally unavailing.

In contrast to the present case, the employers in question in *Enquist* and *Love* had complied fully with the procedures set forth in § 31-293 (a). Indeed, the court in *Enquist* framed the issue as follows: "The sole issue presented is whether an employer, *who has properly intervened in an action by an injured employee against a third party*, may set off future compensation claims against the net proceeds that the employee thereafter recovers from the third party tortfeasor." (Emphasis added.) *Enquist* v. *General Datacom*, supra, 218 Conn. 20–21. Similarly, in *Love*, this court stated: "The sole issue presented is whether an employer, *who has properly intervened in an action by an injured employee against a third party*, may set off a claim for future medical compensation against the net proceeds that the employee recovered from the third party tortfeasor." (Emphasis added.) *Love* v. *J. P. Stevens & Co.*, supra, 218 Conn. 47.

Accordingly, in both *Enquist* and *Love*, this court concluded that, in those circumstances in which an employer fully complies with § 31-293 (a), that statute "allows an employer to obtain a credit against unknown future compensation payments to the extent of a third party recovery less expenses and attorney's fees." Id., 50; *Enquist* v. *General Datacom*, supra, 218 Conn. 26.

[7] We note that § 31-293 (a) was amended by No. 93-228, § 7, of the 1993 Public Acts, which provides in relevant part: "Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than the employer a legal liability to pay damages

case, the defendants were unable to intervene because the plaintiff and the third party had reached a settlement before the plaintiff filed an action against the third party. Nevertheless, the defendants could have preserved their right to reimbursement had they filed an action against the third party pursuant to § 31-293 (a). Having failed to comply with this statutory requirement, "any right of the defendants to the plaintiff's third party recovery, including the alleged right to credit that recovery against its future liability, was extinguished." *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 204 Conn. 489–90. We therefore conclude that because the defendants failed to bring an action pursuant to § 31-293 (a), they are not entitled to a credit in the amount of the plaintiff's settlement and, therefore, that the defendants must pay the plaintiff's hospital bill.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

for the injury and the injured employee has received compensation for the injury from his employer or its workers' compensation insurance carrier pursuant to the provisions of this chapter, the employer or insurance carrier shall have a lien upon any judgment received by the employee against the third party or any settlement received by the employee from the third party, provided the employer or insurance carrier shall give written notice of the lien to the third party prior to such judgment or settlement." We also note that additional changes were made by No. 96-65, § 2, of the 1996 Public Acts. These changes are reflected in the present revision of § 31-293 (a).

"We look to the statute in effect at the date of injury to determine the rights and obligations between the parties." *Dos Santos* v. *F. D. Rich Construction Co.*, 233 Conn. 14, 16 n.1, 658 A.2d 83 (1995). Because the plaintiff's injury occurred in 1987, prior to the enactment of these amendments, the amendments to § 31-293 (a) do not apply in the present case.