[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE STATE OF CONNECTICUT'S MOTION TO INTERVENE
This is in regard to the motion of the state of Connecticut to intervene in this action to recover worker's compensation benefits.
 FACTS
The plaintiff's decedent, David Solonche, died on November 18, 1991 as the result of a severe asthmatic attack, allegedly brought on by a flu shot administered by the University of Connecticut Health Center (UCHC) where Solonche was employed. The plaintiff, Devra Solonche, the decedent's wife, brought this suit in November 1993, naming as defendants UCHC and two of its employees; Immediate Medical Care Center (IMCC), the medical facility to which he was taken; and Wyeth Laboratories (Wyeth), the manufacturer of the flu vaccine.
The UCHC and its employees moved to dismiss the claims against them on the ground of sovereign immunity, and the plaintiff withdrew her case against them on July 18, 1994.
In a separate action, the plaintiff filed a claim for worker's compensation benefits which the state challenged. The claim was upheld and on October 3, 1997, the plaintiff was awarded a lifetime annuity. Thus far the state has expended $124,000 in survivor's benefits to the deceased's wife pursuant to General Statutes § 31-306.
On February 18, 1998, the plaintiff's attorney sent notice to the state that an action was proceeding against a third-party to recover damages for the death of David Solonche, and that the state had a right to intervene pursuant to General Statutes §31-293 within thirty days. In response, the state filed a motion to intervene in the action dated March 20, 1998, to recover from CT Page 11169 the potential judgment in this case the benefits it has paid or will pay under the worker's compensation claim. It also filed notice of a lien on the judgment as allowed by General Statutes § 31-293.
The defendants both filed objections to the motion to intervene on the ground that the state had actual notice of the action by virtue of being served with the writ, summons and complaint in November of 1993, and thus its right to intervene expired after 30 days. They also argue that to allow the state to intervene at this point after discovery is complete and a trial date set for March, 1999 would be unfair to them. Finally, they argue that there is no need for the state to intervene to protect its interests because it has a statutory lien on the judgment.
 DISCUSSION 1. Notice:
The Workers' Compensation Act "represents a complex and comprehensive statutory scheme balancing the rights and claims of the employer and the employee arising out of work-related personal injuries. Because of the comprehensive nature of the act, the responsibility for carving out exceptions from any one of its provisions belongs to the legislature and not to the courts." (Emphasis in original.) Libby v. Goodwin Pontiac-GMCTruck, Inc., 241 Conn. 170, 174-75, 695 A.2d 1036 (1997).
The right to bring an action against a third party is granted by General Statutes § 31-293. An employee may bring an action against the third party tortfeasor regardless of whether he has filed a worker's compensation claim.[1] The employer has a right of subrogation against the tortfeasor for any benefits paid or which it is obligated to pay under the act.[2] When an employee brings a suit against a third party, he must notify the employer who then has a right to intervene to seek reimbursement of benefits it has paid or become obligated to pay to the employee.[3]
The Supreme Court has repeatedly said that "an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293
(a)." (Internal quotation marks omitted.) Libby v. GoodwinPontiac-GMC Truck, Inc., supra, 241 Conn. 177. "The ability of someone other than the injured party, e.g., the employer, to CT Page 11170 bring or to intervene in an action against a third party is a clear deviation from the common law. . . Consequently, this statutory grant of right must be strictly construed and limited to those matters clearly within its scope." (Citations omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 383,698 A.2d 859 (1997).
"General Statutes § 31-293 grants to an employer who has paid workers' compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors . . . provided that the right is exercised in a timely fashion." (Citations omitted; internal quotation marks omitted.) Rana v.Ritacco, 236 Conn. 330, 335, 672 A.2d 946 (1996). "Once a potential intervener has been properly notified, he has thirty days within which to intervene. . . If an employer or employee who is properly notified of a third party action fails to intervene in the action as a party plaintiff within thirty days from notification, his right of action against such third person shall abate. . . On the other hand, [a]n employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293 [cannot] be barred from intervening by the passage of the time which this statute prescribes, because, until notice is given, the time does not begin to run. (Citations omitted; internal quotation marks omitted.) Rana v. Ritacco, supra. 236 Conn. 336.
The question then becomes when the state, as employer, received statutorily sufficient notice of its right to intervene. "[U]nder § 31-293, an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable. The plain terms of the statute require no more." (Internal quotation marks omitted.) Rana v. Ritacco, supra, 236 Conn. 335-36. The Supreme Court, in Worsham v. Greifenberger, 242 Conn. 432, 444,698 A.2d 867 (1997), imposed a due process requirement that the notice include language that the right to intervene and any further right to bring a claim against the party will expire in thirty days.[4]
The statute contemplates the situation in which the employer may also be the defendant in a third party claim brought by the employee. "In any case in which an employee brings an action against a party . . . in accordance with the provisions of this section, and the employer is a party defendant in the action, the CT Page 11171 employer may join as a party plaintiff in the action. Thebringing of any action against an employer shall not constitutenotice to the employer within the meaning of this section." (Emphasis added.) General Statutes § 31-293(a).
The defendants both recognize that bringing the suit cannot constitute notice under the statute, but contend that the state received adequate notice at some point after the case was brought. IMMC identifies the point as the date on which the employer filed its motion to dismiss, because "by virtue of having moved to dismiss that action, [the employer] tacitly concedes that it has, in fact, received the two essential elements of notice required" in Rana v. Ritacco, supra,236 Conn. 335-36. Wyeth argues that the state was notified by virtue of the fact that they were made aware of the lawsuit and the court to which the writ was returnable because it entered an appearance and filed a motion to dismiss. If receiving the writ, which would also inform them of these two facts, is not statutory notice of the right to intervene, then filing an appearance or a motion to dismiss is not statutory notice. These actions may be evidence of actual notice that the civil case has been brought, but not notice as contemplated by the statute. The statute requires that the notice be "in writing," and provides that the thirty day period within which the notified party may intervene begins with this written notice.[5] Until notice is given, the period does not begin to run. Rana v. Ritaccio, supra, 236 Conn. 336.
The statute clearly says that service of a writ and summons is not sufficient notice. Notice must be given in strict compliance with the statute. Dodd v. Middlesex Mutual AssuranceCo., supra, 242 Conn. 383. Under the statute it must be in writing and under Worsham v. Greifenberger, supra, 242 Conn. 432, it must include notice that the right to intervene will expire in thirty days. There was no compliance with either of these requirements until the letter of February 18, 1998. Therefore, the court finds that any notice prior thereto is insufficient.
 2. The Lien:
The defendants next argue that the state does not need to intervene because it has a lien on the judgment pursuant to §31-293(a). The section provides for a lien upon any judgment received by the employee, provided the employer gives written notice of the lien to the third party prior to judgment or settlement. "The employer . . . shall have a lien upon any CT Page 11172 judgment received by the employee against the party or any settlement received by the employee from the party, provided the employer . . . shall give written notice of the lien to the party prior to such judgment or settlement." General Statutes §31-293(a).
This provision was added to § 31-293(a) by Public Act 93-228, § 7. The statutes in effect at the time of the injury are the operative statutes. Rana v. Ritacco, supra, 236 Conn. 332
n. 1. Since the injury was sustained in 1991, the lien provisions do not apply to this case, and the state's lien may be ineffective.
Even if the lien provision does apply, the Supreme Court said that it saw nothing "to indicate that the legislature, in granting an employer a statutory lien under § 31-293(a), intended for that lien to be anything more or less than an additional option available to the employer for obtaining reimbursement from a third party tortfeasor for workers' compensation payments. Accordingly, the fact that an employer now is entitled to a lien on its employee's judgment is not persuasive evidence of the intent of the legislature to effect a change in the operation of the thirty day provision of §31-293(a)." (Emphasis added.) Nichols v. The Lighthouse Restaurant,Inc., 246 Conn. 156, 169, (1998). The existence of the lien does not preclude the employer from intervening. IMMC says that having both the lien and the right to intervene will allow double recovery for the employer. The right of the employer is to recover what it has expended, nothing more, nothing less, whether by intervention or lien. The right to intervene under § 31-293 is absolute as long as the employer complies with the statutory requirements.[6]
 3. Equitable grounds:
Finally, the defendants contend that it would be prejudicial to allow the state to intervene at this late date because the case is scheduled for trial in March, 1999. Both defendants indicate that they will pursue discovery as to whether damages may be apportioned to the state. They cite Cirrito v. ContinentalCan Co., 519 F. Sup. 638 (D. Conn. 1982) and DeSantis v. Gaudioso,39 Conn. Sup. 222, 476 A.2d 149 (1983), for the proposition that an employer's negligence may be considered for purposes of reducing the amount it may be reimbursed. These cases do not represent the current state of Connecticut law on the issue. Our CT Page 11173 Supreme Court, in Durniak v. August Winter Sons, Inc.,222 Conn. 775, 781, 610 A.2d 1277 (1992), held that a special defense alleging the negligence of the employer is not allowed in an action brought under § 31-293. In answering the certified question from the federal district court, the Supreme Court explicitly disagreed with Cirrito. Id., 783.
The court finds that little extra preparation would be necessary. The employer's conduct is not in issue. Any challenge to the amount that the state has paid is irrelevant to the liability of the defendants for the injuries sustained by the plaintiff's decedent.
For the foregoing reasons, the state of Connecticut's motion to intervene is granted.
Rittenband, J.