[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Presently before the court is plaintiff's Motion To Dismiss (#143); the motion should be denied.
This case arises out of a medical malpractice action filed by CT Page 11951 the decedent's estate against Hartford Hospital, Dr. Michael Olson, and Dr. Alfredo Nino. Charles Griffiths, Jr. went to the emergency room at Hartford Hospital on December 23, 1994 due to a heart attack; he died on December 27, 1994. On May 17, 1996, the decedent's estate filed a substitute complaint alleging that Hartford Hospital and Dr. Olson negligently failed to identify Griffiths' heart condition, inform him of the condition, or hospitalize him. The decedent's estate further alleges that Griffiths remained undiagnosed and untreated for his cardiac symptomatology which resulted in his death on December 27, 1994. Griffiths' employer, Hoberman Pollack, intervened in the medical malpractice action as provided by General Statutes § 31-293. Hoberman Pollack informed the second injury fund of its intent to transfer Griffiths' workers' compensation case under General Statutes § 31-349. The second injury fund intervened in this action on July 28, 1997.
The plaintiff seeks to dismiss the intervening complaints on the ground that Hoberman Pollack and the second injury fund lack standing to assert a claim because the injuries to the decedent did not arise out of the decedent's employment, but rather from medical malpractice unrelated to the decedent's employment.
The plaintiff filed a memorandum of law in support of its motion to dismiss, and each of the intervening plaintiffs filed a memorandum in opposition. There is no dispute that the decedent's heart condition arose out of and during the course of his employment.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624. "In ruling on whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308. "The fundamental aspect of standing . . . [is that] it focuses on the party seeking to get his complaint before [the] court and not on the issues he wishes to have adjudicated . . . Standing is not a technical rule intended to keep aggrieved parties out of CT Page 11952 court . . . Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly represented." Gay LesbianLaw Students Assn. v. Board of Trustees, 236 Conn. 453, 463. "Lack of standing is properly raised in a motion to dismiss because `standing goes to the court's subject matter jurisdiction.'" Nania v. Borges, 41 Conn. Sup. 90, 93 quotingReitzer v. Board of Trustees of State Colleges, 2 Conn. App. 196,201.
The plaintiff seeks to dismiss the intervening complaints of Hoberman Pollack and the second injury fund on the basis of standing. The plaintiff argues that the alleged medical malpractice in this case is unrelated to the decedent's employment, and therefore the employer and the second injury fund have no connection to the action and should be precluded from intervening. The decedent's employer, Hoberman Pollack, argues that it has a right to recover from the third-party tortfeasor under General Statutes § 31-293. The second injury fund maintains that General Statutes §§ 31-293[1] and 31-352[2]
provide the fund with the right to join the action as a party plaintiff against the third party.
The motion to dismiss the intervening complaints should be denied. Section 31-293 "specifically grants an employer who has paid workers' compensation benefits to an employee the right to join as a party plaintiff in the employee's action against a third party tortfeasor." Packtor v. Seppala AHO ConstructionCo., 33 Conn. App. 422, cert. granted in part, 229 Conn. 901, appeal dismissed, 231 Conn. 367; Rana v. Ritacco, 236 Conn. 330,335; Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 536; Ricardv. Stanadyne, Inc., 181 Conn. 321, 323. "It is a statutory and substantive right to reimbursement that is in effect one of subrogation to the right of the injured employee to recover for the tort committed against him." Packtor v. Seppala AHOConstruction Co., supra, 33 Conn. App. 430.
"An employer's `sole means to assert any right against the plaintiff's third party recovery [is] by way of the procedure set forth in [General Statutes §]31-293.'" Id., quoting Skitromov. Meriden Yellow Cab Co., 204 Conn. 485, 489, Libby v. GoodwinPontiac-GMC Truck, Inc., 241 Conn. 170, 176. "[A]n employer has a general right to be reimbursed from a third-party tortfeasor for CT Page 11953 benefits paid to an employee for injuries caused by the third party. This right is established by . . . § 31-293, which allows both employers and employees to bring an action against a third party who is allegedly responsible for the employee's injury." Libby v. Goodwin Pontiac-GMC Truck, Inc., supra,241 Conn. 175.
The plaintiff, in reliance on Pinney v. May, Superior Court, judicial district of New Haven at Meriden, Docket No. 254468 (July 17, 1997, DiPentima, J.) (20 CONN. L. RPTR. 163), contends that the medical malpractice was unrelated to the decedent's employment, thus precluding Hoberman Pollack, and the second injury fund from having an interest in the case, or standing.Pinney, is distinguishable from this case. In Pinney, the employers were precluded from joining a suit against theplaintiff's attorney for malpractice in prosecuting a tort claim. "Here, the action is not against the third-party tortfeasor who caused the personal injury to the plaintiff's decedent. Rather,it is against the attorney who unsuccessfully pursued the thirdparty tortfeasor . . . Thus, the injury that is the subject of this legal malpractice is not the personal injury suffered . . . rather it is the loss of the right of action against the third-party tortfeasor." Pinney supra, 164. In Pinney, the court precluded an employer from joining a claim that was tangential to the underlying tort claim.
The present case is distinguishable, because in this case both the employer's claim and the claim of the second injury fund are directed against the third party tortfeasor, as is allowed by statute.
Employers are liable for work related injuries of an employee, including subsequent injuries or complications which are causally related to the work related injuries. Hernandez v.Gerber Group, 222 Conn. 78, 84-86; Vaillancourt v. New BritainMachine/Litton, 224 Conn. 382, 387.
The second injury fund may also be liable for subsequent injuries. "The second injury fund may become liable for permanent disability to each part of the body covered by the act, with each disability to be considered a separate injury, notwithstanding the fact that more than one injury may arise out of the same accident." Hernandez v. Gerber Group, supra, 222 Conn. 84. Whether the decedent's death resulted from the original injury or subsequent medical malpractice is immaterial because the employer CT Page 11954 and the second injury fund would still be liable and therefore have standing. An employer or the second injury fund may join an action solely for monetary renumeration: "Section 31-293(a) gives an employer a statutory right to intervene in a case in which the employer would not usually be a necessary party. The employer's only interest in the litigation is a statutory right to reimbursement of money paid to an employee, should the employee prevail in an action against a third-party tortfeasor."Hallenbeck v. St. Mark the Evangelist Corp. , 29 Conn. App. 618,624. Recently, in Sullivan v. Delmonico, Superior Court, judicial district of Tolland at Rockville, Docket No. 062853 (July 16, 1998, Sullivan, J.) (22 CONN. L. RPTR. 424), the court allowed the second injury fund to intervene to recover damages from a third party in a personal injury case because the fund received notice that the employer intended to transfer liability. The court,Sullivan, J., "determine[d] that the transfer to the Fund is nothing other than a continuation of the obligation of the employer, transferred to the Fund by virtue of statutory assignment. The employer having properly intervened in this claim within the two year period, the court determines that [the fund may intervene.]" Id.
Decedent's employer, Hoberman Pollack, and the second injury fund have a statutory right to intervene in the third-party action, and therefore, have standing; the plaintiff's motion to dismiss the intervening complaints is denied.
Fracasse, J.