[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW INTERVENING COMPLAINT
 Facts and Procedural History
The facts of this case, as previously set forth by this court, are as follows. "The plaintiff, James Levandoski, is a police officer for the town East Lyme. On May 15, 1996, at approximately 11:00 p. m., the plaintiff was dispatched to a residence on Hillwood Drive in Niantic, in response to a complaint of a noisy gathering. The plaintiff testified, and the jury could have found, that upon arrival while investigating the disturbance, he saw the defendant, Douglas Cone, attempting to conceal a plastic baggie, which contained what the officer believed to be marijuana, in his pants. The plaintiff shined a flashlight on the defendant and asked the defendant to remove the baggie from his pants so that the plaintiff could determine what substance was in the baggie. Instead of honoring the officers request, the defendant ran. The plaintiff proceeded to chase the defendant behind the dwelling and into the woods. During the pursuit, the defendant led the plaintiff over a section of the property which contained a steep decline which was not seen by the plaintiff. As a result of the sudden change in the topography, the plaintiff fell and suffered severe injury to his leg and hip." Levandoski v. Cone, Superior Court, judicial district of New London at New London, Docket No. 542714 (August 30, 2001, Robaina, J.).
The plaintiff filed this action on June 30, 1997. On October 22, 1997, the town of East Lyme intervened as a party plaintiff pursuant to General Statutes § 31-293 (a) to recover payments made to the plaintiff under the Workers' Compensation Act, General Statutes § 31-275 et seq. On December 29, 1998, the plaintiff filed an offer of judgment in the amount of $100,000 pursuant to General Statutes § 52-192 (a) and Practice Book § 17-14. The defendant did not accept the offer of judgment. On CT Page 4016 March 1, 2001, after trial to a jury, a verdict was returned for the plaintiff. The jury found $82,535 in economic damages and $65,000 in noneconomic damages. The jury also found that the plaintiff was 15 percent negligent in causing his injuries. On March 1, 2001, the court accepted and recorded this verdict.
On June 18, 2001, the town of East Lyme filed a withdrawal of its claim. On June 21, 2001, the defendant filed an objection to the withdrawal on the ground that the town failed to file a motion for withdrawal. The defendant also requested that if the town is permitted to withdraw, the defendant should be permitted to file a special defense seeking a setoff or collateral source reduction in the amount of the town's workers' compensation lien. On October 26, 2001, the town filed a motion for permission to withdraw its intervening complaint. The court heard oral argument on the motion on November 28, 2001.
 Discussion
General Statutes § 52-80 provides in relevant part: "the plaintiff may withdraw any action . . . before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown." In the present case, it is undisputed that a hearing on issues of fact has been commenced and concluded. The town therefore may only withdraw its intervening complaint if it shows cause.
As grounds for its motion to withdraw, the town states that it has entered into a binding agreement with the plaintiff for recoupment of workers' compensation benefits paid, that the town's rights are adequately protected by a lien letter filed on April 2, 1998, and that workers' compensation benefits are not a collateral source for which the defendant is entitled to a reduction of its liability. In opposition, the defendant argues that the town should not be permitted to withdraw its complaint unless the judgment against the defendant is reduced by the amount of the town's workers' compensation lien. The defendant contends that in the absence of such a reduction, the town's withdrawal would result in the defendant becoming liable for offer of judgment interest pursuant to General Statutes § 52-192 (b) and Practice Book §17-18. The parties' arguments require the court to review the provisions relating to offers of judgment and workers' compensation.
The town intervened as a party plaintiff pursuant to General Statutes § 31-293 (a). That statute permits an employer who has paid workers' compensation benefits to intervene in an action brought by the employee CT Page 4017 against a third party who is liable for the employee's injuries. The statute further provides: "If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. . . . If the damages, after deducting the employee's expenses as provided in this subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee." General Statutes § 31-293 (a).
General Statutes § 52-192a (b) provides in relevant part: "After trial the court shall examine the record to determine whether the plaintiff made an `offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his `offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed . . . from the date the complaint in the civil action was filed with the court if the `offer of judgment' was filed not later than eighteen months from the filing of such complaint. . . . The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly." Practice Book § 17-18 is substantially identical.
Under the language of the offer of judgment provisions, therefore, the defendant in the present case is liable for offer of judgment interest if the plaintiff recovers an amount equal to or greater than the sum certain stated in the plaintiffs offer of judgment, that is, $100,000. The defendant argues that under the apportionment provision of § 31-293
(a), the town is entitled to approximately $58,000, thus reducing the plaintiff's recovery to an amount less that $100,000 and relieving the defendant of liability for offer of judgment interest. It on the other hand, the town withdraws its complaint, the plaintiff's recovery would be over $100,000, thus obligating the defendant to pay offer of judgment interest. The defendant therefore concludes that the town's withdrawal is equitable only if the court orders a $58,000 reduction in the defendant's liability to the plaintiff.
The defendant's argument is based on an assumption that when damages are apportioned pursuant to § 31-293 (a), a defendant is liable to a plaintiff for offer of judgment interest only if the plaintiff's damagesafter apportionment exceed the amount of the offer of judgment. In this CT Page 4018 regard, the defendant argues that acceptance of the plaintiffs offer of judgment would have disposed of the plaintiffs claim only, and that the town's claim against the defendant for reimbursement of workers' compensation payments would have remained viable following the acceptance.
The court does not agree with the defendant's characterization of the offer of judgment. The apportionment provisions of § 31-293 (a) apply not only when damages are recovered following trial, but also when damages are recovered by settlement prior to trial. See Libby v. GoodwinPontiac-GMC Truck, Inc., 241 Conn. 170, 178, 695 A.2d 1036 (1997);Enquist v. General Datacom, 218 Conn. 19, 587 A.2d 1029 (1991); Rosenbaumv. Hartford News Co., 92 Conn. 398, 103 A. 120 (1918), overruled in part on other grounds, Libby v. Goodwin Pontiac-GMC Truck, Inc., supra,241 Conn. 177 n. 5. If the defendant in the present case had accepted the plaintiffs offer of judgment, the amount paid by the defendant would have been subject to apportionment pursuant to § 31-293 (a). The plaintiff first would have received his "reasonable and necessary expenditures, including attorneys' fees, incurred . . . in effecting the recovery." Next, the town would have been entitled to reimbursement for the amount it paid to the plaintiff as workers' compensation benefits. Finally, the plaintiff would have received any remaining amount. In addition, §31-293 (a) further provides that "the employer . . . shall have a lien upon any judgment received by the employee against the party or any settlement received by the employee from the party, provided the employer . . . shall give written notice of the lien to the party prior to such judgment or settlement."
Because acceptance of the $100,000 offer of judgment would have disposed of both the plaintiffs and the town's claims, it would be incongruous for the court to use only the plaintiff's post-apportionment damages to determine the plaintiff's right to offer of judgment interest. The court must look instead to the damages prior to apportionment. Consequently, the court does not agree that the defendant's liability for offer of judgment interest would be affected if the town were allowed to withdraw its intervening complaint without receiving a reduction in damages equal to the workers' compensation benefits paid by the town.
The defendant argues in the alternative that the town's motion to withdraw indicates the town's intention to abandon its claim for reimbursement of workers' compensation payments, and that the defendant is therefore entitled to a collateral source reduction to prevent the plaintiff from obtaining a double recovery. General Statutes § 52-225a
(a), however, provides that "there shall be no reduction for . . . a collateral source for which a right of subrogation exists. . . ." Because CT Page 4019 § 31-293 (a) specifically gives the town a right of subrogation with regard to workers' compensation payments, the defendant is not entitled to a reduction. See Boyle v. Peerless Insurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 357055 (June 17, 1994, Martin, J.); Smith v. Otis Elevator Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 275369 (February 28, 1994, Vertefeuille, J.) (9 C.S.C.R. 287, 288). Furthermore, even assuming arguendo that the town's abandonment of its claim would entitle the defendant to a collateral source reduction, there is no basis for the court to conclude that the town has abandoned its claim. On the contrary, the basis of the town's motion for permission to withdraw is that the town and the plaintiff have reached a settlement with regard to reimbursement of the workers' compensation benefits.
 Conclusion
The town of East Lyme has shown cause for with drawing its intervening complaint, in that it has reached a settlement of its claims with the plaintiff. Contrary to the defendant's argument, the town's withdrawal-of its intervening complaint would not affect the defendant's liability for offer of judgment interest. Furthermore, the defendant is not entitled to a collateral source reduction for workers' compensation benefits paid to the plaintiff. For these reasons, the court hereby grants the town's motion for permission to withdraw and denies the defendant's request for a reduction in damages.
____________________ Robaina, J.